## * Hotz v. Camphor & Englert.

*Appeal from Johnson District Court.*

### Thursday, June 6.

The record develops the following state of case: On the 21st of December, 1857, Hotz & Englert gave their note for $215 to M. Nathan, payable in six months. In May, 1859, the makers confessed a judgment on this note. Subsequently, for value, Nathan assigned this judgment to the defendant Camphor, who sued out an execution thereon and had it levied upon the property of the plaintiff; and thereupon the plaintiff commenced this equitable proceeding to restrain said execution, alleging, in substance, that he was only surety on said note; that the assignment to Camphor, the father-in-law of Englert, was only color·able; that it was procured with the funds or property of Englert, and, therefore, in fact and law, a satisfaction of the debt, as he was the principal debtor.

These allegations are distinctly denied in the answer of defendants. On the hearing of the cause, under the testimony introduced, the court held with the defendants, and dismissed plaintiff's bill; and from this ruling of the court plaintiff appeals.

*Fairall & Boal* for the appellant.

*Clark & Haddock,* for the appellees.

Lowe, Ch. J.—It is difficult to perceive upon what ground the appellant expects a different result in this court. He did not succeed in establishing by proof his suretyship, or that Englert had furnished to Camphor the means or funds, or any part thereof, for purchasing the judgment. These are the material allegations relied

---

* This case was assigned, without head notes, to the appendix, but by mistake was printed in the body of the volume.          Reporter.

upon as forming the basis of relief. They are denied by the defendants in their answer under oath. Besides this, the plaintiff had united with Englert in confessing the judgment, and in that confession they stated under oath that the note was given for goods sold and delivered to *them*, and that they were justly indebted thereon. This solemn statement is at variance with the idea that Englert was alone the principal debtor.

It is true, in his deposition the plaintiff swears that he was only *surety;* but this is contradicted by Englert in his testimony; not only so, but he swears that the note was given for liquors, which liquors plaintiff received into his possession and sold, with the exception of a small quantity; and he claims in turn, and so testifies, that the plaintiff was the principal debtor. The allegation that the assignment of the judgment was fictitious and fraudulent, is wholly unsustained by any testimony. In short, there is nothing in the case that would warrant us in changing the judgment below.

Affirmed.